IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**EARL BROOKINS**                                                             **PLAINTIFF**

**vs.**                                                  **CIVIL ACTION No.: 3:20-CV-351-HTW-LGI**

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY, and JOHN DOES**
**1-5, all whose true names are unknown**                              **DEFENDANTS**

<u>**ORDER**</u>

BEFORE THIS COURT is a Motion to Remand to State Court **[Docket no. 6]**, filed by

plaintiff, Earl Brookins (hereinafter referred to as "Brookins" or "plaintiff"). Brookins contends

that this lawsuit is due to be remanded to the Hinds County, Mississippi, Circuit Court, First

Judicial District for two (2) reasons: that the notice of removal by defendant State Farm Mutual

Automobile Insurance Company (hereinafter referred to as "State Farm" or "defendant") was

untimely; and that the complaint does not seek an amount in controversy greater than $75,000,

exclusive of interest and costs. State Farm opposes both arguments of Brookins.

This court has reviewed the submissions of the parties and the relevant authorities and finds

as follows.

## I.      FACTUAL ALLEGATIONS

Brookins was travelling southbound on I-220 in Jackson, Mississippi on December 18,

2019, in his 2016 Nissan Frontier, when Kymberly Gater (hereinafter referred to as "Gater")

collided with him. Gater was uninsured at the time of the rear end collision. As a result of the

collision, Brookins allegedly suffered bodily injury.

Brookins, at the time he was struck by Gater, was insured by State Farm under policy

number 1285536709 (hereinafter referred to as the "Policy"). The Policy covered various damages,

including uninsured motorist coverage for bodily injury. The Policy limit, according the parties, is $50,000. Brookins filed a claim with State Farm under uninsured motorist coverage of the Policy. After Brookins filed a claim with State Farm under his uninsured motorist coverage, State Farm allegedly denied the claim.

Brookins filed his complaint for damages on April 8, 2020, in the Circuit Court of Hinds County, Mississippi, First Judicial District. State Farm received service of process by and through its registered agent on April 17, 2020. State Farm filed its notice of removal with the Clerk of this federal court on May 19, 2020, asserting that complete diversity of citizenship existed between the parties and that this lawsuit features the amount in controversy requirement of Title 28 U.S.C. § 1332[1]

## II.   JURISDICTIONAL ALLEGATIONS

The parties do not contest whether the complete diversity of citizenship requirement has been satisfied. The complaint alleges that: Brookins is an adult resident of Hinds County, Mississippi; and that State Farm is a foreign insurance corporation (that is, a non-Mississippi corporation) duly registered with the State of Mississippi and approved to do business in the State of Mississippi.

Brookins' complaint contains no specific averments detailing the amount of damages he seeks but does assert that he seeks: past, present, and future medical bills and expenses; past, present, and future pain and suffering; and past, present, and future emotional distress. Brookins also seeks punitive damages.

---

[1] (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
   (1) citizens of different States;
28 U.S.C.A. § 1332 (West)

### III.   ANALYSIS

#### a.  Notice of Removal

Directions for filing a notice of removal is found at Title 28 U.S.C. § 1446(b)(1), which states in relevant part:

> the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Federal Rule of Civil Procedure 6 controls the analysis. *See* Fed. R. Civ. P. 6(a)[2]. Courts interpreting this standard have confirmed:

> Federal Rule of Civil Procedure 6(a) applies 'in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time. Section 1446, which sets the 30-day time period to remove, does not specify a method for computing time, meaning that Federal Rule of Civil Procedure 6 applies by default. To compute deadlines under Rule 6 '[w]hen the period [of time] is stated in days or a longer unit of time,' the Rule instructs that 'the day of the event that triggers the period' should be excluded; that every day should be counted, 'including intermediate Saturdays, Sundays, and legal holidays[;]" and that "the last day of the time period" should be included unless the last day is a Saturday, Sunday or legal holiday in which case 'the period

---

[2] (a) Computing Time. The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.

> (1) Period Stated in Days or a Longer Unit. When the period is stated in days or a longer unit of time:
>> (A) exclude the day of the event that triggers the period;
>> (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
>> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. […]
> (4) "Last Day" Defined. Unless a different time is set by a statute, local rule, or court order, the last day ends:
>> (A) for electronic filing, at midnight in the court's time zone; and
>> (B) for filing by other means, when the clerk's office is scheduled to close.
> (5) "Next Day" Defined. The "next day" is determined by continuing to count forward when the period is measured after an event and backward when measured before an event.

Fed. R. Civ. P. 6

continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

*Barrera v. Allstate Insurance Company*, No. DR-16-CV-0037-AM-VRG, 2017 WL 3274469, *3 (W.D. Tex. Mar. 6, 2017).

According to Brookins, State Farm filed its notice of removal on May 19, 2020, two days after the required time for filing its notice of removal. For support, Brookins cites *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 346, 119 S. Ct. 1322, 1324, 143 L. Ed. 2d 448 (1999) ("if the summons and complaint are served together, the 30–day removal period runs at once."). Brookins argues that, because he served the complaint and summons on State Farm on April 17, 2020, that State Farm must have filed its notice of removal no later than May 17, 2020.

State Farm, however, says that Rule 6 of the Federal Rules of Civil Procedure governs when the notice of removal should have been filed. According to State Farm, its notice of removal was timely for two (2) reasons: April 17, 2020, the date of the service of process is excluded by operation of Fed. R. Civ. Pro. Rule 6(a)(1)(A); and May 17, 2020, thirty days from the date of service, fell on a Sunday and is excluded by operation of Fed. R. Civ. Pro. Rule 6(a)(1)(C).

This court finds that State Farm timely filed its notice of removal because Rule 6 governs the time for filing of a notice of removal. Accordingly, the last day for State Farm to file it notice of removal was May 18, 2020. Brookins' motion to remand must be denied on this basis.

### b. *Amount in Controversy*

If the court finds the notice to be timely filed a defendant in a civil action brought in state court may remove the action to federal district court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a).

District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and the suit is between citizens of different states. *See* Title 28 U.S.C. § 1332(a).

The court must determine whether jurisdiction exists by considering the claims in the plaintiff's state court petition as it existed at the time of removal. *Manguno v. Prudential Prop. & Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002). The removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). If the requirements for federal jurisdiction are not apparent on the face of the plaintiff's state court petition, the removing defendant may present facts and evidence in its notice of removal or by affidavit to establish that jurisdiction existed at the time of removal. *See Garcia v. Koch Oil Co. of Texas, Inc*., 352 F.3d 636, 638-39 (5th Cir. 2003). Removal statutes are strictly construed in favor of remand and against removal. *Bosky v. Kroger Tex., LP*, 288 F. 3d 208, 211 (5th Cir. 2002).

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional." *Dart v. Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). Courts may refer to the type of claims alleged, as well as the nature of the damages sought. *Amos v. CitiFinancial Corp*., 243 F. Supp. 2d. 587, 590 (N.D. Miss. 2003).

"When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *De Aguilar v. Boeing Co*., 11 F.3d 55, 58 (5th Cir. 1993). A defendant can satisfy this requirement if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type

evidence' of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723.

If the defendant's allegation regarding the amount in controversy is contested by plaintiff, Section 1446(c)(2)(B)[3] provides guidance saying "removal of the action is proper on the basis of an amount in controversy asserted [by the defendant] if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [the jurisdictional minimum]". As the United States Supreme Court has explained that

> [Section 1446(c)(2)(B)] clarifies the procedure […] when a defendant's assertion of the amount in controversy is challenged. In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.

*Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S.Ct. 547 at 554.

A defendant seeking removal can establish jurisdictional facts by a preponderance in a number of ways:

> by contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates and settlement demands[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands.

*McPhail*, 529 F.3d. at 954 (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006)).

---

[3] (c) Requirements; removal based on diversity of citizenship.—[…]

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that-
> - […]
>> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C.A. § 1446 (West)

"In determining whether the amount in controversy is satisfied, the Court may consider compensatory and statutory damages, as well as punitive damages." *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1333 (5th Cir. 1993).

"[T]he plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint . . . ." *De Aquilar*, 47 F.3d at 1411. Plaintiffs "who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, . . . later filings [are] irrelevant." *De Aguilar*, at 1411-1412 (emphasis added). "Remand is proper only if the plaintiff has shown it is 'legally certain that his recovery will not exceed the amount stated in the state complaint.'" *In re 1994 Exxon Chemical Fire,* 558 F.3d 378, 387 (5th Cir. 2009). *See also Shaffer v. Palm Harbor Homes, Inc.*, 328 F.Supp.2d 633, 635, 639 (N.D. Miss. 2004)(noting legal certainty standard).

Brookins says that the Policy limit is $50,000.00, an amount less than the jurisdictional amount --- $75,000.00 exclusive of interests and costs. Brookins acknowledges that he is seeking punitive damages of an unspecified amount. Moreover, says Brookins, he has not sought, during pretrial settlement negotiations, an amount of more than $50,000.00. Finally, according to Brookins, he would stipulate to an amount in controversy of $50,000.00.

State Farm inversely says that the face of Brookins' complaint clearly provides for an amount in controversy greater than $75,000 because he is seeking punitive damages. *See Brown v. Wal-Mart Store, Inc.*, No. 2:12CV125-KS-MTP, 2020 WL 4027312, *2 ("federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages is deemed to exceed the federal jurisdictional minimum."). State Farm also says that "'statements of

counsel do not constitute competent summary evidence' in a removal analysis" *Id* at *4, and that this court must disregard Brookins' attorney statements that are unsupported by the record.

This court finds that Brookins' complaint alleges an amount in controversy greater than $75,000.00, exclusive of interest and costs. Brookins seeks compensatory damages for: past, present, and future medical bills and expenses; past, present, and future pain and suffering; past, present, and future emotional distress; and punitive damages. The Policy limit at issue in this lawsuit is $50,000.00. It is not difficult to ascertain a situation where a jury might award $25,000.00 in punitive damages, thereby exceeding the amount in controversy requirement.

Moreover, while Brookins' attorney makes assertions in his motion to remand that Brookins was not seeking an amount greater than $50,000.00, as above argued by State Farm: "statements of counsel do not constitute competent summary evidence." *Brown v. Wal-Mart Store, Inc.*, No. 2:12CV125-KS-MTP, 2012 WL 4027312, at *4 (S.D. Miss. Sept. 12, 2012) (Citing *Roberts v. Walthall County General Hosp.*, 96 F.Supp.2d 559, 561 (S.D.Miss.2000).

Nor did Brookins file a binding stipulation or affidavit with his complaint limiting his recovery to an amount less than the amount in controversy requirement of Title 29 U.S.C. § 1332. Accordingly, this court finds that Brookins' motion to remand must be denied.

### c.  *Attorney Fees*

Brookins finally asks this court to award him attorney fees for seeking this remand citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141; 126 S.Ct. 704, 163 L.Ed.2d 547 (2005) (The Supreme Court held that fees under Title 28 U.S.C. § 1447(c) may be awarded when the removing party lacks "an objectively reasonable basis for seeking removal."). State Farm replies that *Martin* does not apply because it [State Farm] possessed "an objectively reasonable basis for seeking removal."

This court has ruled in this memorandum opinion that State Farm's notice of removal was timely and that the amount in controversy requirement had been satisfied. Accordingly, Brookins' request for attorney fees must be denied.

### d. Local Rule of Civil Procedure 7(b)(4)

Finally, State Farm urges this court to deny Brookins' motion to remand for failure to comply with L.U. R. Civ. P. 7(b)(4), which instructs that the "movant must file a memorandum brief in support of the motion....[and] a failure to timely submit the required motion documents may result in the denial of the motion." Brookins did not respond to State Farm's argument in this regard.

This court is not willing, on this occasion, to deny Brookins' motion to remand on a technical failure of his attorney and, pivotally is not willing to waste judicial resources further by awaiting a second motion to remand that would comply with the local rules. This court already has ruled on the merits and denied Brookins' motion to remand *in toto*. Next time, though, this court may not be so lenient with application of this very important rule.

## IV.   CONCLUSION

**IT IS, THEREFORE, ORDERED that Brookins' Motion to Remand to State Court [Docket no. 6] is hereby DENIED.**

**SO ORDERED this the 31st day of March, 2021.**

s/ HENRY T. WINGATE
UNITED STATES DISTRICT COURT JUDGE